UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHA TYSON,

    Plaintiff,

                                            Case No. 11-10852
v.                                          Hon. Lawrence P. Zatkoff

RBS CITIZENS, NA, Doing business
as Citizens Bank, and CCO MORTGAGE,

    Defendants.

                                   /

## ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on March 3, 2011.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Plaintiff's ex parte motion for order to show cause and preliminary injunction [dkt 2], in which Plaintiff seeks to immediately enjoin Defendants from evicting Plaintiff from her residence. Plaintiff claims that Defendants unfairly conducted foreclosure proceedings and a sheriff's sale of Plaintiff's real property in violation of the Fair Housing Act.

### II.  LEGAL STANDARD

A court is to consider the following four factors in determining whether a plaintiff is entitled to a temporary restraining order or other preliminary injunctive relief:

(1)    whether the movant has shown a strong or substantial likelihood or probability of success on the merits;

(2)    whether the movant has shown that he or she would suffer irreparable harm if the preliminary relief is not issued;

(3)  whether the issuance of a preliminary injunction will not cause substantial harm to third parties; and

(4)  whether the public interest would be served by the issuance of a preliminary injunction.

*Sandison v. Michigan High School Athletic Association, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *UASCO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982); *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). The standard for preliminary injunction is not a rigid and comprehensive test, and the four factors are to be balanced, not prerequisites that must be satisfied, but instead "these factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc.* 963 F.2d 855, 859 (6th Cir. 1992).

### III.  ANALYSIS

The Court has reviewed Plaintiff's Motion. The Court finds that Plaintiff has not satisfied her burden to require this Court to grant her request for injunctive relief. Federal district courts lack jurisdiction to directly review the judgments of state courts. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Courts have consistently applied the *Rooker-Feldman* doctrine to claims requesting review of a state court's eviction and foreclosure proceedings. *See, e.g.*, *Austin v. Countrywide Home Loans*, No. 08-15127, 2008 WL 4954617, at *1 (E.D. Mich. Nov. 18, 2008); *Berry v. Ocwen Loan Servs., LLC*, No. 08-13760, 2008 WL 4648123, at *2 (E.D. Mich. Oct. 21, 2008); *Jones v. Heartland Home Fin. Corp.*, No. 07-14398, 2008 WL 4561693, at *2 (E.D. Mich. Oct. 10, 2008). Based on the representations in Plaintiff's motion, this Court does not have jurisdiction to enjoin this eviction from proceeding. As such, Plaintiff's motion for injunctive relief is denied.

Based on Plaintiff's Complaint and Motion, it appears to the Court that the subject matter of Plaintiff's Complaint and Motion has been and/or is currently being litigated in a state court in Michigan. Therefore, IT IS FURTHER ORDERED that Plaintiff shall SHOW CAUSE IN WRITING, WITHIN 10 DAYS OF THE DATE OF THIS ORDER, why the Court should not dismiss Plaintiff's cause of action on the basis of abstention

## IV. CONCLUSION

Accordingly, for the reasons stated, Plaintiff's ex parte motion for order to show cause and preliminary injunction [dkt 2] is DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: March 3, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 3, 2011.

S/Marie E. Verlinde
Case Manager
(810) 984-3290